IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:23-CT-3005-M-RJ

MARCEL ROMAINS WALLACE, )
)
             Plaintiff, )
)
v. ) ORDER
)
JAMES MCVICKER, DAVID SHAW, )
ANTWONE SMITH, RENETTA BUTTS, )
WANDA BAZEMORE, and KENNETH )
SMITH, )
)
             Defendants. )

Plaintiff, a former federal pretrial detainee proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. The matter is now before the court for initial review under 28 U.S.C. § 1915(e)(2)(B) and on plaintiff's motions to appoint counsel (D.E. 11) and for subpoenas (D.E. 12, 13, 14).

The court begins with plaintiff's motion to appoint counsel. There is no constitutional right to counsel in civil cases, and courts should exercise their discretion to appoint counsel for pro se civil litigants "only in exceptional cases." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances justifying appointment of counsel depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296 (1989) (quoting Branch v. Cole, 686 F.2d 264, 265 (5th Cir. 1982)); see also Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978) ("If it is apparent . . . that a pro se litigant has a colorable claim but lacks capacity to present it, the district

court should appoint counsel to assist him."). Here, plaintiff has failed to demonstrate that exceptional circumstances justify appointment of counsel. Accordingly, the motion to appoint counsel is denied. Additionally, where the court has not yet entered a case management order, plaintiff's motions for subpoenas are denied as premature.

The court now conducts its initial review of the complaint. When a prisoner seeks relief in a civil action from a governmental entity or officer, a court must dismiss the complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a), (b)(1). A frivolous case "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Legally frivolous claims are "based on an indisputably meritless legal theory and include claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (quotations omitted). Factually frivolous claims lack an "arguable basis" in fact. Neitzke, 490 U.S. at 325.

The standard used to evaluate the sufficiency of a pleading is flexible, and a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted). A pro se plaintiff's pleading, however, must contain "more than labels and conclusions," see Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008), and the court need not accept as true any legal conclusions or unwarranted factual inferences, see Ashcroft v. Iqbal, 556 U.S. 662, 677–83 (2009); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was

2

committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). Further, a plaintiff also "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676; see Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691–92 (1978); Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985).

Plaintiff alleges that, while housed in Bertie County Detention Center, defendants interfered with plaintiff's access to the courts, were deliberately indifferent to his serious medical needs, and violated his due process rights by placing him and other inmates in a disciplinary dorm. (Compl. (D.E. 1) 7–10). Defendants are sued in both their official and individual capacities. (Id. at 4–6). As relief, plaintiff seeks monetary damages. (Id. at 11).

Regarding plaintiff's official capacity claims against defendants, plaintiff has not alleged the constitutional deprivations were caused "through an official policy or custom" as required. See Lytle v. Doyle, 326 F.3d 463, 471–74 (4th Cir. 2003); Carter v. Morris, 164 F.3d 215, 218 (4th Cir. 1999).

Plaintiff's claims that the actions of defendants Renetta Butts and Wanda Bazemore demonstrated deliberate indifference to his serious medical needs by failing to obtain his dental assessment from another detention center, were forgetful in giving him his "med-pads," and did not change the "med-pads" as needed, do not rise to the level of a constitutional violation. (Compl. (D.E. 1) at 9-10); see Farmer v. Brennan, 511 U.S. 825, 835 (1994) ("[D]eliberate indifference entails something more than mere negligence . . . [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result."); Estelle v. Gamble, 429 U.S. 97, 106 (1976); ("Medical malpractice does not become a

3

constitutional violation merely because the victim is a prisoner."); Grayson, 195 F.3d at 695 ("Deliberate indifference is a very high standard– a showing of mere negligence will not meet it.").

Plaintiff appears to claim defendant Kenneth Smith ("Smith") interfered with plaintiff's access to the courts by refusing to make plaintiff more than one copy of a legal document. (Compl. (D.E. 1) at 10). Prisoners have a right to reasonable access to state and federal courts. See Ex Parte Hull, 312 U.S. 546, 549 (1941); Hudspeth v. Figgins, 584 F.2d 1345, 1347 (4th Cir. 1978) (per curiam). However, to state a claim for denial of access to courts, the inmate cannot rely on conclusory allegations; instead, he must identify with specificity an actual injury resulting from official conduct or show that his efforts to pursue a nonfrivolous legal claim were hindered. See Lewis v. Casey, 518 U.S. 343, 351–52 (1996); Michau v. Charleston County, 434 F.3d 725, 728 (4th Cir. 2006). Plaintiff does not allege that the inability to make multiple copies of the legal document hindered a nonfrivolous legal proceeding.

Plaintiff's remaining claims are also against defendant Smith and, although not entirely clear, appear to allege due process rights violations where plaintiff was placed in a disciplinary dorm. (Compl. (D.E. 1) at 7, 9). Smith informed plaintiff that he and other inmates were being "rehoused" in the disciplinary dorm. (Id. at 7). Plaintiff asked why they were being rehoused several times, and Smith responded that someone else would explain it to him. (Id. at 7, 9). However, no one explained the rehousing. (Id. at 9). Relegating plaintiff to a disciplinary dorm alone does not rise to the level of a constitution violation. See Gaston v. Taylor, 946 F.2d 340, 343 (4th Cir. 1991) (noting changes to "prisoners' location, variations of daily routine, changes in conditions of confinement (including administrative segregation), and the denial of privileges . . . are necessarily functions of prison management that must be left to the broad discretion of prison

4

administrators to enable them to manage prisons safely and effectively."); O' Bar v. Pinion, 953 F.2d 74, 82–84 (4th Cir. 1991) ("[A]dministrative segregation and reclassification . . . are . . . discretionary administrative acts in which an inmate obtains no liberty interest under North Carolina law.").

Plaintiff makes no claims against defendants James McVicker, David Shaw, or Antwone Smith. Thus, plaintiff has failed to state a claim as to these defendants. See Iqbal, 556 U.S. at 676 ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each government-official defendant, through the official's own individual actions, has violated the Constitution.").

Accordingly, the court directs plaintiff to file one particularized complaint naming the party or parties responsible for his alleged deprivations, the injury stemming from the party or parties' actions or inactions, and the alleged facts to support his claim. Plaintiff should briefly mention specific events and correlating dates which are the basis for suit and must connect defendants with the purported constitutional violations. The amended complaint shall not include any claims unrelated to the original complaint. Additionally, the court will consider the amended complaint as the complaint in its entirety and will not consider previous filings. Any particularized complaint will be subject to initial review, and the court will determine if severance is appropriate. See Fed. R. Civ. P. 18(a), 20(a)(2). Failure to comply with this order as directed may result in dismissal of the action.

## CONCLUSION

Based on the foregoing, plaintiff's motions to appoint counsel (D.E. 11) and for subpoenas (D.E. 12, 13, 14) are DENIED. Plaintiff is DIRECTED to file one amended complaint within **21 days**

5

of entry of this order as instructed above. The clerk is DIRECTED to send plaintiff the form prisoner civil rights complaint. Should plaintiff fail to respond to this order, the clerk is DIRECTED, without further order of the court, to terminate any pending motions as moot and enter judgment dismissing this action without prejudice for failure to prosecute and failure to respond to a court order.

SO ORDERED, this the 29th day of September, 2023.

*Richard E Myers II*
RICHARD E. MYERS, II
Chief United States District Judge