IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:23-CT-3005-M-RJ

MARCEL ROMAINS WALLACE,

    Plaintiff,

v.

RENETTA BUTTS and WANDA BAZEMORE,

    Defendants.[1]

ORDER

This matter is before the court on defendants' motions for summary judgment [D.E. 33, 35] pursuant to Federal Rule of Civil Procedure 56 and to seal an exhibit filed in support of the motions [D.E. 40]. Plaintiff responded in opposition to the motions for summary judgment. For the reasons discussed below, defendants' motions are granted.

## PROCEDURAL HISTORY

On January 5, 2023, plaintiff, a former state pretrial detainee filed the instant action pursuant to 42 U.S.C. § 1983 alleging defendants violated his Eighth Amendment rights under the United States Constitution when they were deliberately indifferent to his serious medical needs. (Compl [D.E. 22] at 8–10). On May 10, 2024, the court conducted a frivolity review of the

---

[1] In their declarations submitted in support of their motion for summary judgment, defendants indicate their correct names are as follows: (1) "Lt. Christopher Martin" is "Christopher Martin"; (2) "Unit Manager Shirman" is "Dominique Sherman"; (3) "Unit Manager Barnes" is "Joshua Barnes"; (4) "C/O Johnson" is "Michael Johnson"; (5) "Sergeant Shirley" is "Colby Shirly"; (6) "C/O Ghere" is "Patrick Ghere"; (7) "Unit Manager Joyner" is "Da'Shone Joyner." (See Def. Ex 2 [D.E. 61-2]; Def. Ex. 3 [D.E. 61-3]; Def. Ex. 4 [D.E. 61-4]; Def. Ex. 5 [D.E. 61-5]; Def. Ex. 6 [D.E. 61-6]; Def. Ex. 7 [Def. Ex. [D.E. 61-7]; Def. Ex. 8 [D.E. 61-8]). Therefore, the court will direct the clerk to make such corrections on the docket.

complaint and allowed the action to proceed as to the individual capacity claims against defendants Renetta Butts and Wanda Bazemore.

On October 7, 2024, defendants filed the instant motions for summary judgment. Defendants argue that the undisputed evidence shows they were not deliberately indifferent towards plaintiff's serious medical needs and are entitled to qualified immunity. In support, defendants filed memorandums in support, a statement of material facts, and an appendix of exhibits consisting of defendants' affidavits and plaintiff's medical records. That same day, pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975), the court notified plaintiff about the motion for summary judgment, instructions for responding, consequences of failing to respond, and response deadline. Plaintiff responded in opposition by filing an unverified, four-page document reiterating he did not receive medical care of his serious medical needs. Defendants replied.

## DISCUSSION

A.  Legal Standard

Summary judgment is appropriate when, after reviewing the record as a whole, the court determines that no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986). The party seeking summary judgment must initially demonstrate the absence of a genuine issue of material fact or the absence of evidence to support the nonmoving party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Once the moving party has met its burden, the nonmoving party may not rest on the allegations or denials in its pleading, Anderson, 477 U.S. at 248–49, but "must come forward with specific facts showing that there is a

2

genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (emphasis and quotation omitted). A trial court reviewing a motion for summary judgment should determine whether a genuine issue of material fact exists for trial. Anderson, 477 U.S. at 249. In making this determination, the court must view the evidence and the inferences drawn therefrom in the light most favorable to the nonmoving party. Scott v. Harris, 550 U.S. 372, 378 (2007).

B. Analysis

Defendants have satisfied their burden in identifying evidence of record demonstrating the absence of a genuine issue of material fact. See Celotex, 477 U.S. at 323; (see also Def. Butts Mem. [D.E. 24] at 2–22; Def. Bazemore Mem. [D.E. 36] at 2–19). Thus, the burden shifts to plaintiff, and he "must come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co., 475 U.S. at 587. Because plaintiff's response to the motion does not identify evidence establishing a genuine dispute of material fact [see D.E. 47], and neither his response nor complaint [D.E. 22] are verified, he has failed to meet this burden.[2] See Celotex, 477 U.S. at 324; Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991) (concluding a verified complaint can defeat a motion for summary judgment). Accordingly, plaintiff has not established a triable issue of fact and defendants are entitled to judgment as a matter of law. See Anderson, 477 U.S. at 247–48.

---

[2] Although plaintiff's complaint contains a Notarial Certificate, it is not signed under penalty of perjury. [See D.E. 22]. A Notarial Certificate only indicates that plaintiff signed the complaint and is not a certification that he swore to tell the truth of the contents. See N.C. Gen Stat. §§ 10B-41, 10B-3(1); Pratt v. Allbritton, No. 4:16-cv-00198-BR, 2018 WL 4610151, at *7 (E.D.N.C. Aug. 8, 2018), report and recommendation adopted, No. 4:16-cv-198-BR, 2018 WL 4604522 (E.D.N.C. Sept. 21, 2018), aff'd, Pratt v. Albriton, 764 F. App'x 343 (4th Cir. 2019).

3

C.   Motion to Seal

Defendants move to seal exhibits in support of their motion for summary judgment that contain plaintiff's medical records. [D.E. 40]. Plaintiff does not object to sealing these records. The public has received adequate notice of the motion to seal. No less drastic alternative to sealing these documents is available because private information appears throughout the filing. Plaintiff's interest in preserving the confidentiality of his private medical records outweighs any public interest in disclosure. Thus, the court grants the motion to seal.

## CONCLUSION

For the reasons discussed above, the court GRANTS defendants' motions for summary judgment [D.E. 33, 35] and to seal [D.E. 40]. The clerk is DIRECTED to maintain docket entry 39 under seal until further order of the court. Plaintiff's remaining motions [D.E. 42, 43, 44, 45] are DENIED AS MOOT. The clerk is DIRECTED to close this case.

SO ORDERED, this the 9th day of September, 2025.

RICHARD E. MYERS, II
Chief United States District Judge

4